## Case No. 11,348.

POTTS et al. v. SKINNER et al.

[1 Cranch, C. C. 57.] [1]

Circuit Court, District of Columbia. Jan. Term, 1882.

COMMISSION TO TAKE TESTIMONY—NOTICE TO ATTORNEY.

Notice, given to the attorney at law, of a motion for a dedimus, is sufficient.

[This was an action by Potts & Ramsay against Skinner & Cadogan.]

Motion by the plaintiffs for leave to take a commission to New York to examine a witness.

Mr. Swann, for defendants, objected that the notice of this motion was given to him, who was only attorney at law for the defendants, and not their attorney in fact. The act of assembly means attorney in fact. Act Nov. 29, 1792, § 13; Rev. Code, p. 279.

But THE COURT decided the notice to be sufficient, and ordered the dedimus.

---

POTTS (SMITH v.). See Case No. 13,094.

---

## Case No. 11,349.

POTTS v. The WILLIAM A. BURDEN.

[N. Y. Times, April 16, 1864.]

District Court, S. D. New York. 1864.

COLLISION—PLEADING—TWENTY-THIRD RULE.

[A libel for collision must state the courses of the vessels, their speed, and specific acts of negligence by the respondents.]

[This was a libel for collision by Frederick A. Potts against the steamboat William A. Burden. Heard on exceptions to the libel.]

Mr. Fithian, for libelant.

Benedict, Burr & Benedict, for claimant.

Before BETTS, District Judge.

This case came up on exceptions to the libel. The case was brought for damages

[1] [Reported by Hon. William Cranch, Chief Judge.]

caused by a collision. The claimant excepted to the libel, as not conforming to the requirements of the twenty-third rule of the supreme court by setting out allegations of the facts of the collision; that it did not state the courses of the vessels, or their speed, or in what respects the Burden was carelessly managed, or what she ought to have done that she did not do.

HELD BY THE COURT: That no liberality of intendment or indulgence will be permitted to rescue a party from the consequences of diregarding an express direction in law as to the mode of procedure in a suit. That the statements in the libel are in reality no more than suggestions or even inferences that the damages complained of were caused by the negligence or improper conduct of the steamboat. That this is not a fulfillment of the rule of the supreme court, and consequently is inadequate to lay a legal foundation for the action brought. That the exceptions therefore must prevail, but they are so technical and strict that it will be without costs, and with leave to the libelant to amend within ten days.